Dillingham v. Smith.

.account.    On March 21, 1843, he was decreed a bankrupt on
his own petition, dated Dec. 16, 1842, and obtained a final
discharge Aug. 27, 1844.    In 1845, the plaintiff's agent pre-
sented him the bill for payment.    He said the bill was right,
that he could not pay it then, but would pay $10, the next
day, and the residue when convenient ; that he was not legally
bound to pay it, but it was an honorary debt, that it was
like cash in hand, and he would pay it.

*Rowe,* for plaintiff.

*Kelley* and *McCrillis,* for defendant.

---

## DILLINGHAM & al. versus SMITH & al.

In a case of replevin, submitted for decision on questions of law, without any
stipulation as to the allowance of damages, the court, at another term, after
judgment of nonsuit and return, has no power to assess the defendants' dam-
ages or to submit that question to a jury.

REPLEVIN for mill logs.    This action was withdrawn from
the jury and submitted to the decision of the court upon legal
questions, no stipulation being made as to the allowance of
damages.    The case was argued at the last law term and con-
tinued *nisi.*    During the vacation, judgment of "nonsuit and
return" was entered.    30 Maine, 370.

*Kelley* and *McCrillis*, for the defendants, now move that their damages be allowed, contending that the court has power at its election to assess them ; or to frame an issue presenting the question of amount to a jury. R. S. ch. 130, sec. 11; *Mattoon* v. *Pierce*, 12 Mass. 406.

*Rowe*, for plaintiffs. — The defendants have laid no foundation for their claim. They had no property in the logs. The nonsuit was ordered, not because defendants owned the logs, but because, by reason of the intermixture with other logs, the plaintiffs failed to identify their own.

The court has no power to assess damages. By the pleadings, the question of defendants' damages was, at first, put in issue. But by consenting to withdraw the case from the jury, they waived the claim. 24 Pick. 32.

SHEPLEY, C. J., orally. — The court has no power to make the assessment. Such matters belong to the jury, to be decided on testimony before them.

No consent has been reserved, that the court shall fix the amount or send the question to a jury. No issue is made up, nor can the court frame one for that purpose. The defendants should have arranged for the damages at an earlier stage. They might have apprized the court that they desired an assessment of damages, so that the judgment should not have been entered, till the assessment was had.

Of the merits of the claim, we express no opinion. As an individual I consider damages in such a case recoverable in a suit upon the replevin bond. *Motion overruled.*